```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     EASTERN DIVISION
```

| | |
|---|---|
| **Eddie Leeondre Davidson,** *et al.*, | ) ) ) |
| **Plaintiffs,** | ) ) ) No. 1:13-cv-01317-JDT-egb |
| vs. | ) ) |
| **The City of Trenton, Tennessee** *et al.*, | ) ) ) |
| **Defendants.** | ) |

---

## REPORT AND RECOMMENDATION

---

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

After reviewing the Complaint and the entire record, the Magistrate Judge recommends that Plaintiffs Gentry Davidson and Isaiah Davidson be dismissed from this action; that Eddie Davidson's Motion to Proceed *In Forma Pauperis* [D.E. 2] be granted; that the motion for appointment of counsel [D.E. 3] be denied; and that Plaintiff Eddie Leeondre Davidson be given 14 days to file an amended complaint alleging only those actions that he contends violated his own constitutional rights.

**Gentry Davidson and Isaiah Davidson**

Plaintiffs Gentry Davidson and Isaiah Davidson did not sign the complaint or file a motion seeking leave to proceed *in forma pauperis*. A party in federal court must proceed either through licensed counsel or on his own behalf. See 28 U.S.C. § 1654; see also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989). Accordingly, the Magistrate Judge recommends that the Gentry Davidson and Isaiah Davidson be dismissed as parties to this action.

**In Forma Pauperis Status for Eddie Davidson**

Federal law provides that the "Clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of

$350." 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, Magistrate Judge recommends that the motion to proceed *in forma pauperis* be GRANTED.

### Appointment of Counsel

Plaintiff Eddie Davidson's Motion for Appointment of Counsel, filed on December 12, 2013, is also before the Court. (D.E. 3) "The appointment of counsel in a civil proceeding is not a constitutional right[.]" Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). Appointment of counsel in a civil action is "a privilege that is justified

only by exceptional circumstances." Lavado v. Keohana, 992 F.2d 601, 606 (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). As the court stated in Lavado,

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. Tenn. 1993). In addition, appointment of counsel is not appropriate when a pro se litigant's claims are frivolous or when his chances of success are extremely slim. Id. (citing Mars v. Hanberry, 752 F.2d 254, 256 (6th Cir. 1985)); see also Cleary v. Mukasey, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

The Court has considered the nature of this case, Plaintiff's ability to represent himself, and the complexity of the factual and legal issues involved. The Court finds that Plaintiff has not demonstrated that exceptional circumstances necessary to justify the appointment of counsel in this case. Therefore, the Magistrate Judge recommends that the motion for appointment of counsel be DENIED.

**Amended Complaint**

The Magistrate Judge recommends that Plaintiff be given 14 days to file an amended complaint alleging only those actions that he contends violate his own constitutional rights.

Respectfully submitted this 15th day of April, 2014.

<u>**s/Edward G. Bryant**</u>
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.